IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　CRIMINAL ACTION NO. 3:21-00218

JOSEPH IRA PATTERSON, III

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Joseph Ira Patterson, III's *pro se* "Motion to Amend 3553(a) Sentencing Factors Pursuant to Amendment 829, and to Correct/Object to [ECF No.] 58 Presentence Report Pursuant to Program Statement OPI: CPD/CPB Number 5110.17 3(a)." ECF No. 106 ("Def.'s Mot."). The matter is ripe for adjudication, as the Government has not responded, and the time for filing a response has expired. This motion involves two separate requests which will be analyzed in turn.

Defendant first requests the Court reconsider his sentence based on Amendment 829 to the United States Sentencing Guidelines ("U.S.S.G."). When a party is proceeding *pro se*, as Defendant is, courts should liberally construe the *pro se* party's filings. *See Estelle v. Bamble*, 429 U.S. 97, 106 (1972) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). This Court will interpret the Motion under 18 U.S.C. 3582(c).

Amendment 829 went into effect on November 1, 2024 and revised U.S.S.G. § 5H1.1. The amendment emphasizes that a defendant's age at the time of an offense or prior offense may be relevant to determine if a downward departure is warranted based on risk factors in youth and opportunities for rehabilitation. U.S.S.G. § 5H1.1. At the time of his sentencing, Defendant had ten criminal history points, resulting in Defendant having a Criminal History Category of V.

Defendant asks the Court to resentence him considering that three of his criminal history points came from a felony conviction that occurred when Defendant was under the age of 25, thereby potentially lowering his Criminal History Category to IV. *Def.'s Mot.* 1.

Amendment 829 does not apply retroactively. U.S.S.G. § 1B1.10(B), (D) (noting retroactive application only attaches to amendments contained in part D); *See United States v. Rivers*, 2025 WL 1148519, at *1 (W.D. Va. Apr. 18, 2025) (noting persuasive cases on the inability of Amendment 829 to apply retroactivity). Defendant's Motion for a sentence reduction based on Amendment 829 is **DENIED**.

Next, Defendant requests that the Court change his presentence report ("PSR") claiming it inaccurately contains notation of a sexual assault charge. *Def.'s Mot.* 3. Defendant claims such notation on his PSR has resulted in an inaccurate Public Safety Factor of "sex offender." *Id.*; ECF No. 117-1 (there is substantial overlap between Defendant's current motion and Defendant's ECF No. 117 Motion referred to the Magistrate Judge).

Rule 36 provides means to correct limited and non-legal clerical errors in a judgement, order, or other part of a record. Fed. R. Crim. P. 36; *United States v. Postell*, 412 F.App'x 568, 569 (4th Cir. 2011). A clerical error has been described as the situation when a court intends to do one thing but mistakenly does another. *Postell*, 412 F.App'x at 569.

Defendant has not stated sufficient reasoning to modify his PSR. The notation on the PSR is not a clerical error; it accurately reflects the charge that he faced and accurately represents that the Defendant pleaded guilty to the second charge while noting the first and third charges were dismissed. ECF No. 58, at 12.

For the reasons stated above, the Defendant's combined Motion for a reduction in sentence based on Amendment 829 to the U.S.S.G. and alteration of his PSR is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 16, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE